THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**JARRET A. WILLIAMS,**

       Plaintiff,

   -vs-                                      Case No.:

**CITY OF DETROIT,
ADAM POWERS and
EDWARD LAWSON**
individually, and in their
official capacities,

       Defendants.

---

**STEVEN T. BUDAJ, P.C.**
By Steven T. Budaj (P-30154)
Attorney for Plaintiff
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 963-9330

---/

**COMPLAINT AND JURY DEMAND**

    Now Comes Plaintiff, JARRET A. WILLIAMS, by and through his attorneys, Steven T. Budaj, P.C., and for his complaint against the Defendants states as follows:

    1. Plaintiff, JARRET A. WILLIAMS, is and has been at all times relevant herein, a resident of the City of Detroit, County of Wayne and State of Michigan.

    2. Defendant, CITY OF DETROIT, is a municipal corporation located in the County of Wayne, State of Michigan.

    3. Individual Defendants, ADAM POWERS and EDWARD LAWSON, are and/or were on or about August 27, 2009, upon information and belief, residents of the City of Detroit, County of Wayne, State of Michigan.

    4. Individual Defendants, ADAM POWERS and EDWARD LAWSON, are and/or were on or about August 27, 2009, upon information and belief,

employed by Defendant, CITY OF DETROIT, as police officers.

5. At all times relevant herein, the individual Defendants were acting within the scope of their employment, under their authority as Police Officers for Defendant CITY OF DETROIT and acting under color of law.

6. Defendant CITY OF DETROIT, is liable under state and/or federal law for all injuries proximately caused by:

    A. Intentional wrongful acts of its employees and/or agents committed within the scope of employment; and

    B. Intentional, wilful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usages and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan, including but not limited to:

        i. Defendant's directions, policies, practices and/or customs from which the employees' and/or agents' acts or omissions were foreseeable;

        ii. conduct by such employees and/or agents in which Defendant acquiesced, explicitly or implicitly;

        iii. conduct which resulted from the failure to train or oversee the training of such employees and/or agents;

        iv. conduct of such employees and/or agents which supervisory personnel could foresee because the previous behavior of such employees and/or agents created the potential for such acts or omissions and which were not corrected; and/or

        v. acts of such employees and/or agents which were caused by or permitted in violation of a statutory duty.

7. The events out of which this cause of action arose began on or about August 27, 2009 and concluded on or about January 26, 2010, in the City of Detroit, County of Wayne, State of Michigan.

8. The factual predicate of the Defendants' liability is as follows:

A. On or about August 27, 2009, at approximately 4:30am, Plaintiff was lawfully walking on Vermont Street in the City of Detroit.

B. At the time and place stated above, for no reason, Plaintiff was approached by the individual Defendant police officers, arrested, handcuffed and placed in the back seat of a police vehicle.

C. The Defendants told Plaintiff he was under arrest for carrying a concealed weapon.

D. Defendants then concocted a story that Plaintiff had a concealed weapon on his person and that when confronted by the individual Defendants he threw the gun from his person.

E. Defendants also falsely claimed as part of their concocted story that Plaintiff had a gun holster on his person.

F. In fact, the Plaintiff did not have a gun nor a holster on his person and thus never threw a gun.

G. Defendants falsely asserted Plaintiff's guilt through a preliminary examination and at his criminal trial.

H. At trial, on January 26, 2010, Plaintiff was found not guilty of any charges.

I. As a result of Defendants' false statements, Plaintiff was held in jail for over a week and then placed on a tether for over 5 months while awaiting his trial.

J. As a result of Defendants' false statements, Plaintiff was required to retain the services of an attorney to represent him at the criminal trial which cost him the sum of $10,000.00.

K. As a result of Defendants' false statements, Plaintiff suffered serious and permanent injuries to his body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliations, degradation and emotional injuries, all past, present and future.

## COUNT I
## 42 USC §1983 DEPRIVATION – INDIVIDUAL POLICE OFFICER DEFENDANTS

9. Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

10. Jurisdiction is based on 28 USC §1331.

11. At all times relevant herein, individual Defendants, under color of statutes, ordinances, regulations and/or customs of the United States, State of Michigan, County of Wayne and City of Detroit, subjected Plaintiff to deprivation of his rights, privileges and immunities secured by the Constitutions and laws of the United States.

12. Defendant individual Police Officers, during the course of their contact with the Plaintiff while acting within the scope of their employment, and while acting under color of law:

  A. Did make unjustified, unprivileged, unconsented to, forcible and unlawful physical contact with the Plaintiff, against his will.

  B. Made false and fraudulent accusations that the Plaintiff had committed a crime when the story was concocted and the individual Defendants knew the alleged facts to be false.

  C. Did knowingly stand by and allow the Plaintiff to be subjected to unjustified, unprivileged, unconsented, forcible and unlawful physical contact against his will as well as standing by and allowing the Plaintiff to be arrested for no reason whatsoever.

  D. Did make unjustified, unprivileged and false arrest, detention and imprisonment of the Plaintiff.

  E. While acting within the scope of their employment, knowingly and intentionally falsely arrested and imprisoned Plaintiff JARRET A. WILLIAMS, without probable cause to believe that Plaintiff had violated the law.

  F. At all times relevant herein, Defendants lacked probable cause for initiating and/or continuing any criminal proceedings, with knowledge that Plaintiff had been deprived of his Constitutional and State law rights.

  G. Defendants maliciously initiated and continued said criminal proceedings against Plaintiff with a primary purpose other than that of justice, and with actual and/or constructive knowledge that Plaintiff was not guilty of the offenses with which he was charged.

13. The actions of Defendant Police Officers were intentional, deliberately indifferent, grossly negligent, wilful, wanton, reckless, malicious and/or oppressive, without regard to human dignity.

14. The Civil Rights Act, 42 USC §1983, provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States, while committed under color of law.

15. Defendants are civilly liable to Plaintiff pursuant to 42 USC §1983, because all the above-described deliberate, grossly negligent, reckless, wilful, wanton, malicious and/or intentional acts and/or omissions of Defendants, as set forth herein and above were committed under the color of law and pursuant to the customs, policies and/or practices of Defendants, all of which subjected Plaintiff to deprivation of his rights, privileges and immunities secured by the United States Constitution, Amendments I, IV, V and XIV.

16. As a direct and proximate result of the aforementioned wrongful conduct and Constitutional violations, Plaintiff suffered serious and permanent injuries to his body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliations, degradation and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff seeks judgment against Defendants, in whatever amount to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages.

**COUNT II**
**42 USC §1983 DEPRIVATION – MUNICIPAL/SUPERVISORY LIABILITY**

17. Plaintiff hereby realleges and incorporates by reference all

5

of the paragraphs and counts above as if fully set forth herein word for word.

18. At all times relevant herein, Defendant, CITY OF DETROIT, acting through its supervisory officers and officials, by their own customs, policies and/or practices of systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline its police officers, allowed, acquiesced in, and/or encouraged the individual Police Officer Defendants to function as police officers and to unlawfully confront, assault, batter, torture, verbally abuse, humiliate, mistreat, falsely arrest and imprison, and otherwise violate the Plaintiff's, Constitutional rights, thereby directly and proximately depriving Plaintiff of his right to be free from the use of excessive force, false arrest, false imprisonment, malicious prosecution and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments I, IV, V and XIV.

19. At all times relevant herein, Defendant CITY OF DETROIT, acting through its supervisory officials and/or officers, by their own customs, policies and/or practices of systematically failing to enforce its own rules and regulations pertaining to the use of force, custody and detention, including Plaintiff in violations of all standards of decency and minimum requirements under the law and the Constitution, deprived Plaintiff of his right to be free from the use of excessive force and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV, V and XIV.

20. At all times relevant herein, Defendants by their failure to adequately investigate this incident, to determine the truth of what really happened, pursuant to their own customs, policies and/or

practices of not thoroughly investigating such incidents, caused and/or acquiesced in the intentional, wilful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and or omissions of the employees and/or agents under their supervision, and proximately caused the Plaintiff to be deprived of his right to be free from the use of excessive force and his freedom from other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV, V and XIV.

21. Defendant CITY OF DETROIT and its supervisory personnel are liable for their intentional, deliberately indifferent, wilful, wanton, reckless and/or grossly negligent acts and/or omissions, which constituted customs, policies and/or practices, which resulted in the unlawful, unjustified, wrongful and unconstitutional use of force, seizure of the Plaintiff's, liberty, person and health, without due process of law, all of which proximately resulted in his injuries.

22. At all times relevant herein, Defendants by their directions, policies, procedures, practices and/or customs, from which the intentional, wilful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and or omissions of the individual officers, who were under their supervision were foreseeable, allowed, acquiesced in and/or encouraged said officers to function as a police officer and to unconstitutionally use excessive force and mistreat citizens including Plaintiff thereby proximately causing Plaintiff to be deprived of his liberty, and his freedom from unreasonable intrusions against his right to be free from the use of excessive force and other unreasonable intrusions against his person without due process of law, in violation of the

7

United States Constitution, Amendments IV, V and XIV.

23. At all times relevant herein, Defendants by their failure to train, supervise, discipline and/or correct the behavior of the employees and/or agents under their supervision, including but not limited to the individual officers, of which said Defendants knew or should have known, created the potential for the intentional, wilful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and or omissions of said officers, allowed, acquiesced in and/or encouraged said individual Defendant to function as a police officer and to unlawfully confront, assault, batter, use excessive force against, verbally abuse, humiliate and mistreat citizens including Plaintiff thereby proximately causing Plaintiff to be deprived of his liberty and of his right to be free from unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV, V and XIV.

24. At all times relevant herein, Defendants by their violation of statutory duties, allowed and/or encouraged the individual officer Defendants to function as a police officer and to unlawfully confront, assault, batter, use excessive force against, verbally abuse, humiliate and mistreat citizens including Plaintiff thereby proximately causing Plaintiff to be deprived of his liberty and of his right to be free from the use of excessive force and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV, V and XIV.

25. As a direct and proximate result of said Constitutional violations, the Plaintiff suffered serious and permanent injuries to his body and mind, mental anguish, pain and suffering, loss of wages,

loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff seeks judgment against Defendants, in whatever amount to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages.

### COUNT III
### WILFUL AND WANTON MISCONDUCT,
### DELIBERATE INDIFFERENCE/GROSS NEGLIGENCE

26. Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

27. At all times relevant herein, Defendant individual Police officers, had the following ministerial duties, notwithstanding their standard duty of care:

    A.    To avoid the false arrest of an innocent person.

    B.    To obey all statutes, rules, regulations and applicable laws;

    C.    To avoid the assault and battery of an innocent person;

    D.    To prevent the false arrest of an innocent person by the other Defendant officers; and

    E.    To preserve the peace and protect the lawful rights of citizens.

28. All of the individual Defendants negligently, grossly negligently, recklessly, wilfully, wantonly, maliciously, intentionally, knowingly, and/or deliberately breached one or more of the aforesaid duties by:

    A.    Falsely arresting the Plaintiff;

    B.    Refusing to obey those statutes, rules, regulations and applicable laws pertaining to the arrest, detention, custody and general treatment of persons in the Plaintiff's situation in the course of their

     contact with him;

  C. Assaulting and battering the Plaintiff;

  D. Failing to stop or prevent the false arrest of an innocent person by the other Defendant officers.

  E. Failing and/or refusing to preserve the peace and protect the lawful rights of the Plaintiff.

29. Defendants breached their aforementioned duties and were willful and wanton and/or grossly negligent, as defined by statute, to wit: MCLA 691.1407, when they conducted themselves in a manner so reckless as to demonstrate a substantial lack of concern for whether an inquiry would result in one, some, or all of the following particulars:

  A. Failing and/or refusing to adequately train, oversee the training of and/or supervise all employees and/or agents under their control and/or supervision;

  B. Failing and/or refusing to prevent intentional, wilful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of such employees and/or agents;

  C. Failing and/or refusing to enact, institute, implement and/or utilize directions, policies, practices and/or customs from which Defendants and/or their employees and/or agents are to preserve the peace and protect the lawful rights of citizens; and

  D. Acquiescing, explicitly or implicitly, in intentional, wilful and wanton, reckless, deliberately indifference, grossly negligent and/or negligent and foreseeable conduct, acts and/or omissions of Defendants' employees and/or agents.

30. As a direct and proximate result of the individual Defendants' aforementioned wrongful conduct, Plaintiff suffered serious and permanent injuries to his body and mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation, and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff seeks judgment against Defendants, in whatever amount to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

32. At all times relevant herein, Defendant, Individual Police Officers, notwithstanding their standard duty of care, owed to Plaintiff the following duties, (but not limited to the following):

- A. To refrain from inflicting intentional emotional distress upon the Plaintiff;

- B. To refrain from falsely arresting and falsely imprisoning the Plaintiff;

- C. To refrain from treating the Plaintiff a law-abiding citizen, in an extremely and outrageously abusive manner;

33. Defendants intentionally, wilfully, wantonly, and/or recklessly breached one or more of said duties by:

- A. Intentionally inflicting emotional distress upon Plaintiff by subjecting the Plaintiff to unprovoked and unjustified mistreatment and humiliation;

- B. Intentionally falsely arresting and falsely imprisoning the Plaintiff;

- C. Intentionally treating the Plaintiff a law-abiding citizen in an extremely and outrageously abusive manner;

34. At all times relevant herein, Defendants individual Police Officers were acting within the scope of their employment for Defendant CITY OF DETROIT and under color of their authority as law enforcement officers with the CITY OF DETROIT.

35. As a direct and proximate result of Defendants' aforementioned wrongful conduct, the Plaintiff suffered serious and permanent injuries to his mind, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff seeks judgment against Defendants, in whatever amount to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and attorney's fees, together with exemplary and/or punitive damages.

Respectfully Submitted,

by s/Steven T. Budaj
**STEVEN T. BUDAJ, P.C.**
By Steven T. Budaj (P-30154)
Attorneys for Plaintiff
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 963-9330
stbudaj@counsel.cc

Dated: August 25, 2012

## JURY DEMAND

Plaintiff in the above entitled action demands a trial by jury on all issues so triable in his Complaint.

Respectfully Submitted,

by s/Steven T. Budaj
**STEVEN T. BUDAJ, P.C.**
By Steven T. Budaj (P-30154)
Attorneys for Plaintiff
65 Cadillac Square, Suite 2915
Detroit, MI 48226
(313) 963-9330
stbudaj@counsel.cc

Dated: August 25, 2012